# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph P. Hudgins, #276817, | ) | C.A. No.: 5:10-3282-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Joseph P. Hudgins' ("Hudgins") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant Respondent's motion for summary judgment. For the reasons set forth below, the court adopts the Magistrate's report, overrules the Petitioner's objections, and grants the Respondent's motion for summary judgment.

## BACKGROUND

Petitioner is an inmate currently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections, and he seeks a writ of habeas corpus form this court pursuant to 28 U.S.C. § 2254. Petitioner is serving a life sentence for murder and a concurrent sentence of five years for grand larceny. In 1993 in the Anderson County Court of General Sessions, petitioner was charged, tried, and sentenced to death for grand larceny of a vehicle and murder of Anderson County Deputy Chris Taylor. Petitioner filed an appeal with the South Carolina Supreme Court and argued that the imposition of the death penalty against him constituted cruel and unusual punishment in violation of the Constitution because he was only 17 years old when he

1

committed the crimes. The South Carolina Supreme Court affirmed the conviction, and his subsequent petition for a Writ of Certiorari to the United States Supreme Court was also denied.

Petitioner next filed a PCR application on July 15, 1996. Though initially dismissed, the S.C. Supreme Court ultimately reversed the denial of the PCR and remanded the case for a new trial based on counsel's failure to object to the introduction of Petitioner's responses to a court-ordered psychological test given during Petitioner's pre-trial competency examination. *See Hudgins v. Moore*, 337 S.C. 333, 339, 524 S.E.2d 105, 108 (1999). Following remand to the circuit court, Petitioner entered a "Plea Agreement and Waiver." Petitioner pled guilty to murder, stipulated to certain aggravating circumstances, waived his right to a trial, and agreed to never apply for parole, pardon, commutation of sentence, reprieve, or any other form of relief from life imprisonment. Additionally, Petitioner waived any right to appeal or to challenge the guilty plea or sentence including the right to habeas proceedings in state or federal court, and he irrevocably waived his right to be considered for parole.

On February 29, 2006, Petitioner filed a PCR application alleging ineffective assistance of trial and appellate counsel, lack of jurisdiction in the circuit court, deficient and inadequate plea advice, juridical misconduct, and prosecutorial misconduct. The State filed a return and sought dismissal on the grounds that petitioner failed to comply with the filing requirement of the Uniform PCR Act, S.C. Code § 17-27-45 (A) (2003), and that Petitioner waived any right of judicial review in his plea agreement. The circuit court entered an order of dismissal, but subsequently granted Petitioner's motion to

reconsider. Petitioner argued that *Roper v. Simmons*, 543 U.S. 551 (2005) was a new and retroactive rule of law and that his application was timely because it was filed within one year of the pronouncement of the new law. The circuit court held a hearing on Petitioner's amended PCR[1] on March 26, 2009, because it found Petitioner had met the threshold for consideration of whether an after-recognized constitutional exception applied. Judge Maddox, presiding, denied relief, and Petitioner then appealed to the South Carolina Supreme Court. The S.C. Supreme Court denied the petition for writ of certiorari on December 16, 2010.

On December 29, 2010, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that *Roper*, which held that execution of individuals who were under 18 years of age at time of their capital crimes is prohibited by Eighth and Fourteenth Amendments, applies retroactively to void his 2001 Plea Agreement and Waiver. Petitioner challenged the PCR court's conclusion that *Roper* did not apply. Petitioner also argues that the S.C. Supreme Court applied *Roper* retroactively in *State v. Morgan*, 367 S.C. 615, 626 S.E.2d 888 (2006), and that *Roper* should apply retroactively based on *Teague v. Lane*, 489 U.S. 288 (1989). (Pet. 5, 10, ECF No. 1.)

The Respondent has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 23). The court advised the petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and Petitioner responded with a memorandum in opposition. *Roseboro v.*

---

[1] Petitioner's counsel submitted an amended PCR application on March 13, 2009.

*Garrison*, 528 F.2d 309 (4th Cir. 1975). The Magistrate Judge assigned to the case has issued an R&R recommending that Respondent's motion for summary judgment be granted and that the petition be dismissed. Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD OF REVIEW

*Report and Recommendation*

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

*Summary Judgment*

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

*The AEDPA and 28 U.S.C. § 2254*

Petitioner has already obtained review of his claims in state court, and because he filed his petition in this court after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) governs the review of his claims. The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may

not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

6

## DISCUSSION

The Magistrate Judge recommends that this court grant the Respondent's summary judgment motion on the grounds that *Roper* does not apply to the Petitioner's situation.[2] Petitioner argues that *Roper* applies retroactively and invalidates his Plea Agreement and Waiver because he pled to a life sentence to avoid the imposition of the death penalty. He argues that the use of the death penalty to induce him to plead to a life sentence was an illegal inducement because, per *Roper*, the death penalty cannot be applied when the defendant was under 18 at the time he committed the crime. The state PCR court found that *Roper* did not apply in this case and concluded that *Roper* applied only where the defendant had in fact been sentenced to death, not to all sentences to offenders under the age of eighteen where death could have been imposed.

The Magistrate concurred with the PCR Judge and found that *Roper* does not apply retroactively to the Petitioner because he was not sentenced to death. Other courts considering the same issue have also held that *Roper* applies only where the death sentence was actually imposed. *See State v. Dingle*, 376 SC. 643, 651–52, 659 S.E.2d 101, 106 (2008); *Dingle v. Stevenson*, 772 F. Supp. 2d 734, 740 (D.S.C. 2009); *Schane v. Cain*, No. 07-1068. 2007 WL 4967081, at *3 (W.D. La. Oct. 24, 2007); *McStoots v.*

---

[2] The PCR court and the Magistrate also noted that because they determined that *Roper* was inapplicable, Petitioner's request was also barred by the PCR statute of limitations. S.C. Code Ann. § 17-27-45 (2003). Moreover, as the Magistrate noted, the petitioner's own plea and waiver agreement barred this § 2254 petition. Because this court also finds *Roper* inapplicable, these same reasons support the court's conclusion that the petition should be denied.

7

*Kentucky*, 245 S.W.3d 790, 791 (Ky. Ct. App. 2007).[3] This court agrees and finds that the PCR court's application of the law to be appropriate and therefore not an "unreasonable application" of existing law.

Moreover, *Roper* does not impact the Plea Agreement and Waiver entered into by Petitioner. As *Brady v. United States*, 397 U.S. 742 (1970) instructed, a waiver should be evaluated on whether it was "intelligently made in light of the then applicable law." *Id.* at 756. A later change in the law does not render such a plea invalid. *See id.* The PCR court found that Petitioner negotiated and then voluntarily and intelligently decided, with the assistance of counsel, to enter the Plea Agreement and Waiver. Accordingly, the subsequent change in the law does not invalidate the Plea Agreement and it remains valid.

The Magistrate also addressed Petitioner's argument under *Teague v. Lane*, 489 U.S. 288 (1989). The Magistrate noted that *Teague* directed that, while new constitutional rules of procedure were generally not retroactive, two exceptions existed including when a rule was "implicit in the concept of ordered liberty." *Id.* at 310–11. Such a rule is one "without which the likelihood of an accurate conviction is seriously diminished." Id. at 311–12. In this case, however, *Roper* applies to penalties, not procedure. Accordingly, the court need not apply *Teague* because, as the Magistrate noted, "a change in the potential penalty would not change the facts surrounding the crimes with which Petitioner was charged." (R&R at 18, ECF No. 32).

---

[3] The Petitioner cites *State v. Morgan*, 367 S.C. 615, 616, 626 S.E.2d 888, 888 (2006) where the South Carolina Supreme Court applied *Roper* retroactively, but that case was one in which the defendant was currently sentenced to death.

Petitioner has timely filed objections to the R&R (ECF No. 35). Petitioner first reiterates his argument that *Roper* should apply where the prosecution uses the threat of the imposition of the death penalty to obtain a lesser sentence. As discussed above, however, *Roper* does not apply in such a situation. Petitioner next relies on language that the Magistrate quoted from *Teague*. (Pet.'s Obj. 7, ECF No. 35). Petitioner appears to argue that the Magistrate misapplied the case. As noted above, however, that case deals with criminal procedure and is inapplicable in this case where the legal issue involves the appropriate penalty.

Finally, Petitioner attempts to distinguish several of the cases cited by the Magistrate in an effort to demonstrate why this court should not adopt the R&R. Petitioner first attempts to distinguish his case from *Dingle*, where the S.C. Supreme Court declined to apply *Roper* retroactively. Petitioner asserts that his case is different from *Dingle* because he has no chance to receive parole, but that difference is immaterial. In *Dingle* as in Petitioner's case, the significant fact is that neither defendant was sentenced to death. Petitioner also attempts to distinguish *Brady* by noting that the motivation for entering into the guilty plea differed. Again, that difference is immaterial, and Petitioner's Plea Agreement and Waiver remains valid pursuant to *Brady*. In sum, while Petitioner has noted several minor factual differences between his case and those that the Magistrate relied upon, those differences do not compel an outcome different from the one directed by the Magistrate. Accordingly, Petitioner's objections to the R&R are hereby overruled.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the R&R, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this R&R by specific reference. Accordingly, the Respondent's motion for summary judgment is granted and the Petition for Writ of Habeas Corpus is denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

March 8, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."